UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAWN BOLIN, as Personal
Representative of the Estate of
MAUREEN HOWE, Deceased,

      Plaintiff,

v.                              Case No.: 6:21-cv-00357-Orl

COQUINA CENTER, LLC d/b/a
OPIS COQUINA CENTER;
GABRIEL LIVING CENTERS, LLC;
MARILYN G. WOOD; and
MCR HEALTH, INC. d/b/a
HUNTINGDON BEHAVIORAL
HEALTH,

      Defendants.
_____/

**<u>NOTICE OF REMOVAL</u>**

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL
CIRCUIT IN AND FOR VOLUSIA COUNTY, FLORIDA

**RECEIVED**
SEP 29 2020
**CORPORATE HEADQUARTERS**

DAWN BOLIN, as Personal Representative of
the Estate of MAUREEN HOWE, Deceased

           Plaintiff,

vs.

COQUINA CENTER, LLC d/b/a
OPIS COQUINA CENTER,
GABRIEL LIVING CENTERS, LLC,
MARILYN G. WOOD; and MCR HEALTH, INC. d/b/a
HUNTINGDON BEHAVIORAL HEALTH

           Defendants.

_____/

CASE NO.: 2020 31180 CICI
DIV NO.: 32

A TRUE COPY
Served at 8:23 O'clock A M.
on 27 Day of SEPT A.D. 2020
CHARLES R. WELLS, SHERIFF
MANATEE COUNTY, FLORIDA
By LA 100 G700 D.S.
DATE:
HOUR:
DEPUTY SHERIFF:

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and Designation of Email Address in the above-styled cause upon the defendant:

**MCR HEALTH, INC d/b/a HUNTINGDON BEHAVIORAL HEALTH**
Registered Agent:  c/o Patrick Carnegie
700 8TH Avenue West, SUITE 101
Plantation, FL  34221

2020 SEP 24 AM 11:40 MANATEE COUNTY FLORIDA RECEIVED CIVIL

Each defendant is hereby required to serve written defenses to said Complaint on Plaintiff, whose name and address is:

DAWN BOLIN
1716 Center Avenue
Holly Hill, Florida 32117-1516
Telephone (386)868-7973

within 20 days after service of this Summons upon the defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff, or Plaintiff's attorney or immediately thereafter. If defendant fails to do so, a default will be entered against you for the relief demanded in the Complaint or petition.

    WITNESS my hand and the seal of said Court on this ____ day of SEP 0 4 2020 , 2020.

LAURA E. ROTH, Clerk of the Circuit Court

By: _____
DEPUTY CLERK

WP TO ALTFUIA FRONT COUNTER FOR SOP

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, VOLUSIA COUNTY COURTHOUSE, 125 E. Orange Avenue, Suite 300, Daytona Beach, FL 32114, (386)257-6097, at least 7 days before the scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

20091516    i0001313

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff/Plaintiff's Attorney names above.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada Telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiffs Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, Si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos ,biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir on expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiffs Attorney" (Plaignant on a son avocat) nomme ci-dessous.

ADDRESS OF THE CLERK OF THE CIRCUIT COURT
LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el ingles no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendra que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio



**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**   **If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 101 N. Alabama Ave., Ste. D-305, DeLand, FL 32724, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**THESE ARE NOT COURT INFORMATION NUMBERS**



**SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES**
**Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos.  Comuníquese con la Oficina de Administración Judicial (Court Administration), 101 N. Alabama Ave., Ste. D-305, DeLand, FL 32724, (386) 257-6096,  con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.**

**ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL**

CL-0247-1901

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:

DAWN BOLIN, as Personal Representative of
the Estate of MAUREEN HOWE, Deceased,

                Plaintiff,

vs.

COQUINA CENTER, LLC d/b/a
OPIS COQUINA CENTER,
GABRIEL LIVING CENTERS, LLC,
MARILYN G. WOOD; and MCR HEALTH, INC. d/b/a
HUNTINGDON BEHAVIORAL HEALTH

                Defendants.

_____/

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND
## DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS

       Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE,

Deceased, files this Notice of Compliance with Rule 2.516(b)(1) and states the following:

I, DAWN BOLIN, certify that my current mailing address is: 1716 Center Ave, Holly Hill, FL
32117-1516; Telephone No.: (386) 868-7973

I designate as my current e-mail addresses:

       Primary Email Address:  dbolin0304howe20@aol.com

**I understand that I must keep the clerk's office and the opposing party or parties notified of
my current mailing and e-mail address(es) and that all future papers in this lawsuit will be
served at the address(es) on record at the clerk's office.**

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a true and correct copy of this document was served upon the
defendant along with the Summons and Complaint in this action.

**Dawn Bolin
1716 Center Avenue
Holly Hill, FL  32117
Telephone: (386) 868-7973
Email: dbolin0304howe20@aol.com**

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

DAWN BOLIN, as Personal Representative of
the Estate of MAUREEN HOWE, Deceased,

                         Plaintiff,

vs.

COQUINA CENTER, LLC d/b/a
OPIS COQUINA CENTER,
GABRIEL LIVING CENTERS, LLC,
MARILYN G. WOOD; and MCR HEALTH, INC. d/b/a
HUNTINGDON BEHAVIORAL HEALTH,

                         Defendants.

_____/

DATE:

HOUR:

DEPUTY SHERIFF:

## COMPLAINT

Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE,

Deceased, hereby sues Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center,

GABRIEL LIVING CENTERS, LLC, MARILYN G. WOOD and MCR HEALTH, INC d/b/a

Huntingdon Behavioral Health and states as follows:

<u>JURISDICTION, PARTIES AND VENUE</u>

1.     This is an action for damages which exceed the sum of Thirty Thousand and 00/100

Dollars ($30,000.00), exclusive of costs, interest, and attorney's fees.

2.     All conditions precedent to the filing of this action, including completion of pre-

suit investigation, in compliance with the notice provisions of Florida Statutes §400.022, have

been performed or have been waived. In addition, Plaintiff served by Certified Mail, Return

Receipt Requested, a seventy-five (75) day Notice of Intent to Initiate Litigation to COQUINA

CENTER, LLC d/b/a Opis Coquina Center, MARILYN G. WOOD and GABRIEL LIVING

CENTERS, LLC via MARILYN G. WOOD as managing member and CEO; and MCR HEALTH,

INC d/b/a Huntingdon Behavioral Health dated June 4, 2020.

3.      This action is being brought by the Plaintiff for violations of Chapter 400 against

COQUINA CENTER, LLC d/b/a Opis Coquina Center while MAUREEN HOWE was a resident

at the Defendants' nursing home upon her admission date of April 5, 2019 through the date of her

death on March 4, 2020.

4.      At all times material, Plaintiff, DAWN BOLIN is, or is in the process of being

appointed, as Personal Representative of the Estate of MAUREEN HOWE, is the biological

daughter, was the appointed Power of Attorney and designated Health Care Surrogate of

MAUREEN HOWE, Deceased, and is the proper party to bring this action on behalf of the estate

and residing in Volusia County, Florida.

5.      At all times material hereto, Plaintiff, MAUREEN HOWE, deceased, was a person

over Seventy-Seven (77) years of age, a resident of the City of Ormond Beach, Volusia County,

Florida, and who was suffering from the infirmities of aging to the extent that she was impaired in

her ability to adequately provide for her own care and protection.

6.      Defendant, COQUINA CENTER, LLC, a Florida Limited Liability Company d/b/a

Opis Coquina Center is operating a skilled nursing home facility in Volusia County, Florida,

located at 170 N. Center Avenue, Ormond Beach, Florida 32174 and under GABRIEL LIVING

CENTERS, LLC, a Florida Limited Liability Company.

7.      Defendant, GABRIEL LIVING CENTERS, LLC, a Florida Limited Liability

Company, ("GABRIEL") is in the business of owning, managing and maintaining nursing homes

and related healthcare facilities, in the State of Florida, including COQUINA CENTER, LLC d/b/a

Opis Coquina Center (sometimes hereinafter referred to as "COQUINA"), and maintains its principal place of business at 10150 Highland Manor Drive, Suite 300, Tampa, Florida 33610.

8.      Defendant, MARILYN G WOOD is an individual authorized to do business within the State of Florida, is the managing member and authorized representative of GABRIEL LIVING CENTERS, LLC, and its affiliated limited liability companies, including Opis Management Resources, LLC, a Florida limited liability company formed under Sage Enterprises III, LLC, a Florida limited liability company, which MARILYN G. WOOD is the managing member. True copies of the documents described above, as filed with the Department of State, are attached hereto as Exhibits A, B, C, and D.

9.      Upon information and belief, and at all times material to this action, Defendant, MARILYN G. WOOD, as managing member of its affiliated limited liability company, Sage Enterprises, III, LLC, as the managing member and CEO of the management company, Opis Management Resources, LLC, is affiliated with the Defendant, COQUINA CENTER, LLC and has liability in this case.

10.     At all times material, in connection with the ownership, control, operation, directing, servicing, and managing of the nursing home facility in this case, Defendant, MARILYN G. WOOD has liability in this case for the actions and/or inactions of Defendant's employees and/or agents and managing company of Defendant, COQUINA CENTER, LLC d/b/a Opis Coquina Center and maintains her principal place of business at 10150 Highland Manor Drive, Suite 300, Tampa, FL 33610.

11.     Defendant, MCR HEALTH, INC, a Florida Corporation, is in the business of owning, managing and maintaining healthcare centers and behavioral health related facilities throughout the State of Florida, including the fictious name of Huntingdon Behavioral Health, and maintains its principal place of business at 700 8th Ave., West Suite 101, Palmetto, Florida 34221.

12.    The acts complained of in this lawsuit occurred in Volusia County, Florida.

13.    At all times material hereto, Defendant, COQUINA CENTER, LLC, was the licensee of the nursing home facility, which was authorized to do business in the State of Florida and to operate a nursing home under the name of COQUINA CENTER, LLC d/b/a Opis Coquina Center and is the subject to the provisions of Florida Statutes Chapter 400.

14.    At all times material hereto, the Defendant, COQUINA was operating the facility and had a non-delegable duty to ensure reasonable operation of the facility and reasonable care to residents, as the licensee of the facility, licensed as a pharmacy, as that term is acceptable and/or defined for nursing home licensure in the state, and provided for in Florida Statutes Chapter 400.

15.    Upon information and belief, and at all times material, Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC, MARYLYN G. WOOD and MCR HEALTH, INC d/b/a Huntingdon Behavioral Health, a Florida corporation, entered into contracts and/or agreements that were for the benefit of various facilities, its owners and operators, and worked to the detriment of the residents, including MAUREEN HOWE.  These contracts included, but were not limited to, lease and sub-lease agreements; back-office agreements; pharmacy goods and services agreements; management agreements and/or psychological and therapy service agreements.

16.    At all times material, Defendant, MCR HEALTH, INC, was the licensee, operating its business, while owning, managing and maintaining healthcare centers and behavioral health related facilities throughout the State of Florida, and employs the nurses, social workers, and/or various caretakers at facilities throughout the State of Florida.  On or about January 23, 2019, MCR HEALTH, INC's President and CEO, filed a corporate name change and requested the Department of State update their records to reflect a list of all active fictitious names and related registration

numbers to the named corporation. A true copy of the documents described above, as filed with the Department of State, are attached hereto as Exhibit "E".

17.     At all times material hereto, the Defendants were subject to the provisions of Chapter 400 of Florida Statutes, Title 42 of the Code of Federal Regulations, Titles 10 and 59 of the Florida Administrative Code and OBRA 1987, which set the standards of operating nursing homes such as this facility.

18.     Venue is appropriate in this action as the events giving rise to the cause of action occurred in Volusia County, Florida, the subject facility is located in Volusia County, Florida, one or more of the Defendants operate and do business in Volusia County, Florida, and the Plaintiff resides in Volusia County, Florida.

**COUNT I**
**CHAPTER 400 DEPRIVATION OF RIGHTS**
**CLAIM AGAINST DEFENDANTS**
**COQUINA CENTER, LLC d/b/a OPIS COQUINA CENTER**

**GENERAL ALLEGATIONS**

Plaintiff hereby realleges paragraphs one (1) through eighteen (18) as though fully set forth herein and further alleges as follows:

19.     At all times material hereto, Defendants have a statutorily mandated responsibility and owed a duty to its residents, including MAUREEN HOWE, to exercise reasonable care in its operation of the subject nursing home according to Florida Statute §400.022, which responsibility included, but was not limited to, the following:

        (a)    the right to receive adequate and appropriate health care protective and support services, consistent with the resident care plan, with established and recognized practice standards within the community, and with rules as adopted by the agency. §400.022(1)(l));

        (b)    The right to be free from mental and physical abuse and from physical and chemical restraints as contained in Fla. Stat. 400.022(1)(o));

(c)     complying with regulations for the operation of nursing homes promulgated by the Department of Health and Rehabilitation Services and contained in the Florida Administrative Code 59-A;

(d)     complying with regulations for the nursing services contained in Fla Admin 59A-4.108 and in accordance with the requirements outlined in subsection 400.023(3); and Resident Assessment and Care Plan contained in Fla Admin Code 59A-4.109; and

(e)     the right to be adequately informed of the resident's medical condition and proposed treatment, and the right to participate in the planning of all medical treatment, including the right to refuse medication and treatment, and with the regulations for contacting MAUREEN HOWE's Health Care Surrogate as contained in (Fla. Stat. §400.022(1)(j)); and

(f)     The right to refuse medication or treatment Fla. Stat. §400.022(1)(f))

20.     Florida Administrative Code Rule 59 A-4.103 requires the licensee to designate an Administrator "who oversees the day to day administration and operation of the facility." Plaintiff hereby states that Donna J. Smith had the overall duty and responsibility for making sure the nursing home complied with all Federal, State, Local laws, and professional standards under 42 CFR §483.75. Upon Plaintiff's information and belief, and at all times material to this action, the Administrator failed to be involved in the overall administration at COQUINA and as such, should plaintiff's failure to include Donna J. Smith as a party defendant be inappropriate, Plaintiff would seek the Court's permission by proffering a Motion to Amend the Complaint in accordance with Florida Rules of Civil Procedure 1.190.

21.     Defendants responsibilities to MAUREEN HOWE, as outlined in Florida Statutes §400.022, are non-delegable and as such that Defendants had direct liability for violations, deprivations and infringements, by any person or entity, under Defendants control, direct or indirect, including their employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals and/or agencies, or caused by Defendant's policies and procedures, whether written or unwritten, or common practices.

22.     That notwithstanding the responsibility of Defendants to provide MAUREEN

HOWE with her statutorily mandated nursing home resident's rights of being provided reasonable

care, MAUREEN HOWE was deprived of such rights by the acts and/or omissions of Defendants,

their agents, and employees, which failure to act reasonably in the care include, but are not limited

to the following:

    (a)     failing to conduct an accurate assessment of MAUREEN HOWE's health upon admission, and at each required interval; and (42 CFR §483*);

    (b)     failing to maintain accurate, complete, and easily accessible clinical records (42 CFR §483*);

    (c)     Failing to provide the necessary care and services to attain or maintain the practicable physical, mental, and psychosocial well-being, consistent with the resident's comprehensive assessment and plan of care (42 CFR §483*);

    (d)     failing to properly supervise and train staff; including training for specific standard nursing home related to the residents with dementia related conditions and/or COPD conditions;

    (e)     failing to provide adequate and appropriate hygiene to MAUREEN HOWE; and failing to prevent deterioration of MAUREEN HOWE's ability to bathe, dress, groom, transfer and ambulate, toilet, eat and to communicate (42 CFR §483*)

    (f)     Failing to prevent accidents, including falls and unexplained bruising, and failing to protect MAUREEN HOWE from falling and being injured by falls in the facility on numerous occasions;

    (g)     Failing to ensure that MAUREEN HOWE was free from significant medication errors, and (42 CFR §483*)

    (h)     failing to provide MAUREEN HOWE with adequate nutrition, fluids and monitoring of hydration;

    (i)     failing to develop, implement, and update an adequate and appropriate resident care plan to meet the custodial needs of MAUREEN HOWE;

    (j)     failing to maintain MAUREEN HOWE's records which contained significant information at the time of admission and continued failure to maintain records which contained sufficient and accurate information to justify the diagnosis and treatment and to document the results, including at a minimum documented evidence of assessments of the needs

of the resident, and/or the establishment of appropriate plans of care and treatment associated with the treatment and care and services provided;

       (k)     failing to appropriately monitor MAUREEN HOWE and recognize significant signs and symptoms of change in her health condition, such as suffering oxygen deprivation from supplemental equipment, as empty canister tanks, such as suffering the development and deterioration of infection from contaminated nebulizer tubing, and suffering deterioration of infection and MRSA, and development and deterioration from dehydration;

       (l)     failing to properly notify the family and physician of MAUREEN HOWE's significant changes in her health status, such as suffering the development and deterioration from the effects of overmedication and mental and physical deterioration, suffering from hypercapnia and hypoxia and deterioration lacking the inhalation necessary for prevention of developmental deterioration, and suffering of dehydration;

       (m)    improper retention of staff;

       (n)    failing to follow physician orders;

       (o)    failing to properly chart on the resident pursuant to Florida Statute §400 F.A.C. 59-A; and 42 C.F.R. 483*.

* Due to inconsistencies with the source and applicable update and modification related to Title 42 of the Code of Federal Regulations, Plaintiff decided to omit the reference or subparts of Part 483 due to governmental changes.

    23.    The conduct of each of the Defendants was so reckless or wanton in care that it constituted a conscious disregard to the life, safety and/or rights of MAUREEN HOWE, and caused her loss, injury, and damage.

    24.    In addition, the conduct of the employees and/or agents of COQUINA was so reckless and wanting in care that it constituted a conscious disregard or indifference to the life, safety, and/or rights of MAUREEN HOWE, and caused her loss, injury and damage.

    25.    Further to the conduct of their employees or agents as alleged above, COQUINA actively and knowingly participated in such conduct; the officers, directors, and managers of COQUINA ratified and/or consented to such conduct; engaged in conduct that constituted gross negligence that contributed to the loss, damages and/or injuries suffered by MAUREEN HOWE.

26. While a resident of COQUINA CENTER, LLC d/b/a Opis Coquina Center, MAUREEN HOWE suffered from neglect, unsafe treatment and care services, without recognition of her personal condition, inadequate access to appropriate health care consistent with established and recognized community standards, and inadequate monitoring and supervision.

27. Upon information and belief, and in addition to Defendants responsibility under Fla. Stat. §400.022, Defendants have liability in this case under §400.023 Florida Statutes. Defendants had a duty to provide reasonable care to MAUREEN HOWE, breached their duty, and are liable for the negligent acts and violation of rights, for its actions and/or inactions, in connection with the acts and omissions of its employees, under Defendants control, either direct or indirect, including its employees, agents, consultants and independent contractors, whether in-house or outside entities, as set forth in the Florida Statutes. Defendants breach of that duty caused loss, injury, damage, pain and suffering, mental anguish and death to MAUREEN HOWE as described throughout this Complaint and as evidenced by the medical records.

28. At all times material hereto, all of the Defendants employed the nurses and caretakers at the facility, and are therefore responsible for their tortious conduct and Defendants owed a duty to MAUREEN HOWE to provide her with her resident's rights, which included the right to adequate health care, monitoring and supervision.

29. As a direct and proximate result of Defendants' acts, omissions, violations and failure to comply with the requirements of Florida Statute §400.022, to provide adequate and appropriate and protective support services, MAUREEN HOWE suffered damages including loss of dignity, humiliation, bodily injury, pain and suffering, physical impairment, mental anguish, loss of capacity to enjoy life, discomfort, aggravation of existing COPD medical condition and died on March 4, 2020 due to a cause of death not associated with Covid19 pandemic, nor associated with her preexisting medical condition.

WHEREFORE, Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE, Deceased, demands judgement for all damages as allowed by law against each of the Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC, and MARILYN G. WOOD, as managing member of its affiliated limited liability company, Sage Enterprises, III, LLC, as the managing member and CEO of the management company, Opis Management Resources, LLC, for the deprivation of MAUREEN HOWE's rights as stated above, and further demands attorney's fees and costs and a trial by jury.

### FACTUAL ALLEGATIONS

30.     On April 5, 2019, MAUREEN HOWE was transported from her Ormond Beach residence via COQUINA's Medical Transport and provided with recent medical information regarding MAUREEN HOWE's diagnosed condition of COPD and her history of the required use of supplemental oxygen from an oxygen concentrator.  Due to Medicare's requirement of obtaining an updated certification of the concentrator equipment and MAUREEN HOWE's declining condition, her pulmonologist recommended that rather than recertify the paperwork, that MAUREEN HOWE should consider hospice home health services and/or a facility that would provide for the care and nursing staff needed to provide the 2 liters of oxygen required in order to maintain MAUREEN HOWES $O_2$ saturation levels.

31.     Additionally, at the time of admission, COQUINA staff members were provided with the medical record data, the COPD medication, and the information regarding MAUREEN HOWE's recent bout of Diverticulitis, wherein she had been hospitalized in September of 2018, recovered from the issue and was discharged from a facility in November 2018.  Staff members were provided with her three (3) charted medications along with copies of her documents providing for her appointed Power of Attorney and Health Care Surrogate.

32.     On June 18, 2019, MAUREEN HOWE suffered from overmedication.  On June 19, 2019, various discussions were had with COQUINA nurses, social worker and staff members, that MAUREEN HOWE had not been provided with any hygiene assistance, she had no idea where to go to acquire a shower and had not been bathed for four (4) weeks.  Showers at the facility rarely took place and over the course of 11 months were few and far between.  Defendants were provided with a document titled Respiration, Medication and Hygiene, Admission Date: April 5, 2019 attached to Plaintiff's unanswered Notice of Intention to Initiate Litigation dated June 4, 2020.

33.     On the evening of July 2, 2019, MAUREEN HOWE's granddaughter found that the oxygen concentrator was on 3.5 liters (pulmonologist and physician prescribed 2 liters) and the nebulizer tubing was filled with fluid and air-bubbles.  On the morning of July 3, 2019, MAUREEN HOWE's daughter, Dawn Bolin, addressed the oxygen and nebulizer issue, and due to the status of MAUREEN HOWE's brain fog and dementia she did not recall having trouble breathing the previous evening.  MAUREEN HOWE suffered harm due to the deliberate acts of employees increasing oxygen levels and failing to provide hygienic care that she expected to receive at the nursing home facility.  The negligent acts of COQUINA employees administering medications improperly, overmedicating and/or chemically restraining a fatigued patient due to facility protocols caused MAUREEN HOWE to suffer injuries related to her COPD condition.

34.     On the evening of July 4, 2019, MAUREEN HOWE was transported from Coquina to Advent Health Daytona Beach hospital and treated for pneumonia, infection, and hydration, and other medical treatment due to the intentional contamination of the nebulizer breathing apparatus and extreme lack of care.  COQUINA staff failed to notify MAUREEN HOWE's immediately family member for nearly five (5) hours after admission to the hospital.  MAUREEN HOWE was treated under an Observation Claim, stayed overnight on July 5th and was discharged back to COQUINA facility prior to 1 p.m. on the afternoon of July 6, 2019.

35.     During the months of June and July 2019, COQUINA's nurses, CNA's, and social worker were explicitly informed that the Psych Services visits were detrimental to MAUREEN HOWE's health.  MAUREEN HOWE suffered anxiety related to thinking about her past and she had basically blocked her past from her memory years ago.  Nevertheless, upon MAUREEN HOWE's multiple requests to stop the Psych Service visits due to her personal history, Psych Services and/or COQUINA strictly denied the request.  Upon information and belief, this denial was due to the need to financially support MAUREEN HOWE's residency.

36.     Additionally, due to COQUINA nurses and staff members not being trained in appropriate care for COPD patients, they failed to understand that MAUREEN HOWE had previously enjoyed therapy and the side effects of the medication were causing harm.  Having the occupational therapy offered to someone subjected to high quantities of medication, which caused the need for more medication, in combination with a diagnosed COPD condition, would not allow for MAUREEN HOWE to function for the therapy offered.  In consequence of their actions in November, MAUREEN HOWE was in no way willing to perform the therapy after COQUINA representatives, and/or affiliated staff members, would no longer provide her with the rescue inhalation medication that treated her COPD condition.  Defendants were provided with a document titled Appearance of Impropriety Dated July 6-24, 2019, attached to Plaintiff's unanswered Letter of Intent dated June 4, 2020.

37.     On July 18; 2019, MAUREEN HOWE was subjected to two (2) psych service representatives when another outside company was contacted on the same date.  COQUINA's efforts to continue the funding process regarding patient billing and/or state requirements regarding MAUREEN HOWE's status of overmedication and dementia when admitted under Observation Only status at the hospital visit on the evening of July 4, 2019, was a contributing

factor. Everything MAUREEN HOWE had erased from her life, over the past 34 years, was being picked, poked and prodded, made-up, and misunderstood and MAUREEN HOWE did not want to talk about her past with anyone. The conduct of the employees or agents of COQUINA was so grossly careless and wanton that it constituted a conscious disregard to the life, safety and rights of MAUREEN HOWE and caused her loss, injury and/or damage. Defendants were provided with the medical charted documentation, wherein MAUREEN HOWE suffered from over thirty (30) visits from psych services, during an eleven (11) month period, as provided on the Medicare Summary Notices for Part B (Verification of Psych Services Visits).

38.    MAUREEN HOWE continuously stated to nursing staff, and social services, that she did not want to speak with psych services and that she did not understand why they would not stop questioning her. However, COQUINA would not, or could not, take no for an answer and were not concerned about how MAUREEN HOWE's health was being compromised based on the habitual excessive psych service visits by COQUINA and their agencies. MAUREEN HOWE chose to "Clam Up" and stated several times to the social worker for COQUINA, the nursing staff, and the social worker on behalf of MCR HEALTH, INC d/b/a Huntingdon Behavioral Health, that she did not want to communicate. However, staff members and psych services needed answers and financial billing, and as a result, Defendants breached their duty owed to MAUREEN HOWE and were negligent thereby.

39.    On or about July 26, 2019, MAUREEN HOWE's daughter received correspondence from the Social Security Administration confirming MAUREEN HOWE's request of July 19, 2019, indicating that payments would be transferred to COQUINA's financial institute. Even though previous discussions were explicitly expressed that any change would prevent MAUREEN HOWE's family from receiving the medical and prescription mailing documentation regarding her care, and that monthly payments were being submitted directly to

GABRIEL LIVING CENTERS, LLC. COQUINA's social worker and staff members fraudulently concealed their intention to transfer the Social Security payments. MAUREEN HOWE had dementia and was confused prior to admission to the facility. Upon information and belief, COQUINA representatives underhandedly avoided communicating their intention at the Care Plan Meeting on July 17, 2019 by indicating that they were only there to discuss MAUREEN HOWE's medical condition. The status of MAUREEN HOWE's 'brain fog" condition with the COPD, and the dementia, made MAUREEN HOWE confused on a constant basis. The thought processes are not totally functional when the oxygen level deplete making individuals lack the concentration and ability to properly focus and/or process information.

40.     Additionally, Plaintiff believes that COQUINA representatives had MAUREEN HOWE transfer the funds in order to simultaneously have her execute an Admission and/or Arbitration Agreement which would be invalid due to MAUREEN HOWE's lack of capacity and dementia along with the "brain fog" related to the End Stage COPD condition.

41.     On August 14, 2019, MAUREEN HOWE suffered a fall in the bathroom, hitting her back and body. In-house x-rays of her hips and pelvis were ordered and the increased medication was said not to be a factor.

42.     On August 16, 2019, MAUREEN HOWE suffered a 2nd fall, "her balance was unsteady, she fell, and hit her left front head, hip, and right arm and she has skin tears", they transported MAUREEN HOWE to Advent Health Daytona Beach Emergency Room due to the fall. MAUREEN HOWE suffered the need to receive x-rays of her hip and pelvis (2-3 views, an x-ray of her foot, CT scan of her head or brain, CT of upper spine, Respiratory inhaled pressure or non-pressure treatment to relieve airway obstruction and/or for sputum specimen, and repair of a wound 2.5 centimeters on her scalp, arms, and/or legs. The injuries resulted in MAUREEN HOWE suffering from concussion, lacerations, left frontal scalp soft tissue swelling and hematoma

and was noted that atrophy with "mild" subcortical and periventricular white matter rarefaction and microangiopathic change was present and charted.

43.     On August 20, 2019, MAUREEN HOWE suffered a 3rd fall, "she self-transferred to the bathroom when she knew she was supposed to wait-call". "She has a skin tear on her elbow and In-House x-rays for her left knee, hip, elbow, and wrist" are being ordered.

44.     MAUREEN HOWE never walked again following the three (3) falls at COQUINA CENTER, LLC d/b/a Opis Coquina Center.  Defendants were provided with a document titled Intentional Chemical Restraints (April 2019-March 4, 2020) Causing Physical Injuries in Month of August 2019 and (Re-Prescribing Medication that caused Injury) attached to Plaintiff's unanswered Notice to Intent to Initiate Litigation dated June 4, 2020.

45.     On October 22, 2019, an individual RN on behalf of Optum Rx and UHC, attended the Care Plan Meeting scheduled for 1:00 p.m. on that date. She introduced herself, discussed MAUREEN HOWE's medications, and when she spoke about the breathing medications she simply stated "inhalers".  During the meeting this same individual RN, stated that she was going to have the non-essential medications removed from MAUREEN HOWE's medical chart.  Plaintiff noted that upon receipt of the medical records that were received on January 7, 2020, which were requested for that period due to the gross conduct taking place, that no record of the individual having visited with MAUREEN HOWE was provided, however, the unnamed individual is known by Plaintiff only to have removed the medication from the chart.  Defendants were provided with a detailed document related to MAUREEN HOWE's ten (10) year use of the rescue inhaler medication and refusal to provide the medication attached to Plaintiff's unanswered Notice of Intention to Initiate Litigation dated June 4, 2020.

46.     On or about December 17, 2019, Defendant, COQUINA, and/or its affiliated representatives, explicitly contacted the employee of MCR HEALTH, INC d/b/a Huntingdon Behavioral Heath, and requested that she intentionally medicate MAUREEN HOWE.   Upon information and belief, and pursuant to the medical record of November 22, 2019, the social worker employee of Defendant, MCR HEALTH, INC, was specifically ordered to discharge MAUREEN HOWE, in preparation for their purpose of ordering the mental health medications to be administered by MCR HEALTH, INC d/b/a Huntingdon Behavioral Health employee Due to the following:

(a)     MAUREEN HOWE was demanding her Rescue Inhaler for her COPD condition and COQUINA staff members refused her requests.

(b)     Defendants were failing to adequately monitor and/or provide the standard of reasonable care expected, deliberately failed to contact MAUREEN HOWE's Health Care Surrogate in order to provide the harmful medication; and

(c)     MAUREEN HOWE was showing physical signs and symptoms that required staff members to contact the physician regarding the request to stop the medication.  Defendants were provided with a document titled Request to Stop Medication Refused for 2 Weeks attached to Plaintiff's unanswered Notice of Intent to Initiate Litigation dated June 4, 2020.

47.     On December 31, 2019, MAUREEN HOWE's daughter, Health Care Surrogate, and Plaintiff in this case, requested COQUINA nursing staff to immediately contact the physician and stop administering the harmful medication to MAUREEN HOWE.  The nurses, staff members, and representatives of COQUINA CENTER, LLC d/b/a Opis Coquina Center, and/or upon information and belief Optum Rx on behalf of UHC, lacked the understanding that the toxic levels of medication, the months of high doses of supplemental oxygen (hyperoxia) was causing the

buildup of carbon dioxide (Hypercapnia) and the severe oxygen deprivation, caused by staff not turning on the tanks and/or letting the tanks sit empty, and were causing MAUREEN HOWE to suffer severe hypoxia.

(a)     Plaintiff incorporates by reference herein the need for a future Motion to Amend her Complaint pursuant to the Florida Rules of Civil Procedure. In addition to the nurses, staff members, and representatives of COQUINA CENTER, LLC d/b/a Opis Coquina Center, the nurses of Optum Rx on behalf of UHC, lacked the understanding that the toxic levels of medication and supplemental oxygen (hyperoxia) was causing the buildup of carbon dioxide (Hypercapnia) and the severe oxygen deprivation, caused by nurses providing an increased level of supplemental oxygen, that was not the recommended level prescribed by the physician. Additionally, by staff not turning on the tanks and/or letting the tanks sit empty, were causing MAUREEN HOWE to suffer severe hypoxia. Due to the multifaceted complexity of, and the various potential parties involved in the instant lawsuit, Plaintiff prays that this Honorable Court allows for corrective action to be taken accordingly.

48.     As a result of the multiple excessive medications being administered, by COQUINA, MAUREEN HOWE suffered severe injuries. MAUREEN HOWE had developed physical circulation issues from the side effects of the medication, and COQUINA nursing staff deliberately failed to contact MAUREEN HOWE's Health Care Surrogate regarding the prescribing of such medication due to their realization that MAUREEN HOWE's daughter, DAWN BOLIN, would not approve of such medication. MAUREEN HOWE did not have a mental illness, she had previously refused medication on August 5, 2019, and due to the compliance factors related with the state PASRR annual evaluations COQUINA needed to justify the need for the mental health services.

49.     On January 4, 2020, MAUREEN HOWE was again suffering injuries related to the combination of multiple medications.  MAUREEN HOWE's family was informed that she fell out of bed, she was found lying on the floor beside the bed and the COQUINA staff were ordering In-house x-rays of her hips.  The FDA had submitted a Black Boxed warning on the medication that COQUINA had not stopped providing to MAUREEN HOWE, as requested on December 31, 2019.  Upon communications with the medical records clerk and the Director of Nursing on January 7, 2020, the medication had not been reduced or stopped as requested on multiple occasions, and continued to be administered until January 13, 2020, without the need for reducing the medication.

50.     On or about February 24, 2020, MAUREEN HOWE's daughter, DAWN BOLIN, received a telephone call from the RN for Optum Rx on behalf of UHC, regarding her visit with MAUREEN HOWE and the condition of a right knee injury, along with previous injuries from February 18, 2020, consisting of lacerations on her right hand, bruising on her left elbow and upper body.  MAUREEN HOWE's Health Care Surrogate, DAWN BOLIN, was again not contacted by any staff members from COQUINA.  Upon visiting MAUREEN HOWE on February 22, 2020, the acting unit director of nursing was quite irritated that MAUREEN HOWE had removed the bandages to show the injuries and stated that COQUINA does not have to contact for every injury. Whether MAUREEN HOWE was never able to recall who or how the injuries occurred or feared retaliation will never be known.

51.     MAUREEN HOWE's daughter, DAWN BOLIN had numerous conversations with nursing staff regarding review of medically charted behavior issues and/or issues related to care during the months of October through December of 2019.  In December of 2019, the culmination of information was indicative of the need for MAUREEN HOWE's daughter to acquire medical records due to the events and to determine what was taking place with MAUREEN HOWE.

COQUINA nursing staff agreed that the information related to physical bruising conditions, and communications of behavior issues, and related skin care checks warranted taking a closer look at the records and should be reviewed.   COQUINA employees had not denied documenting information, which was appropriately being documented by most nursing staff members, related to MAUREEN HOWE's care for the previous three (3) months and contained significant information which would have allowed MAUREEN HOWE's daughter to ascertain the overall well-being of her mother.  MAUREEN HOWE was not one to falsify information, and COQUINA nurses consistently and constantly had been indicating and noting the record.  However, upon receipt of the medical records, in January of 2020, what would have revealed the circumstances of occurrences taking place, the nurses recorded medical record documentation was deliberately modified prior to receipt of the nurse notes portion of the affiliated medical records.  This act of modifying the records, by a recently transferred COQUINA employee, prevented MAUREEN HOWE's daughter from determining the health and well-being of MAUREEN HOWE in relation to her dementia and "behavior issues" communicated through nursing staff.  Those records are irretrievable due to the modification thereto.

52.     On March 4, 2020, MAUREEN HOWE was given a chest x-ray, which results determined she did not have pneumonia and was normal for her COPD condition.  MAUREEN HOWE did not have any attributable conditions relative to the cause of her demise, such as renal failure, diabetic history, nor heart condition.  Although a hypertension diagnosis in combination with Metabolic Encephalopathy was recorded, Plaintiff contends upon information and belief that due to the acts and omissions, violations and failures of the Defendants, the cause was more attributable to toxic medications and/or Toxic Encephalopathy.  MAUREEN HOWE's final lab work consisted of an apparent struggle to acquire the final blood draw, as revealed by the condition of her hand and arms, and the report was consistent with the acts and omissions and horrendous

treatment she received. Upon information and belief, Plaintiff further alleges that the actions of COQUINA nursing staff and the nurse affiliated with Optum Rx on behalf of UHC, which is not currently a party in this lawsuit, caused MAUREEN HOWE to lose her life on March 4, 2020. Defendants were provided with a document titled, in part, Failure to Review Medical Condition of Emphysema and COPD patient...Prescribing Conflicting and Harmful Medications and Quantity of Medication causing... and attached to Plaintiff's unanswered Notice of Intent to Initiate Litigation dated June 4, 2020.

53.     Due to the multifaceted complexity and methods utilized by COQUINA, the nurses, staff members, representatives and/or agents, are all responsible parties and need be held accountable for their atrocious actions and/or inactions. The Defendants' failure to provide MAUREEN HOWE with the proper standards of care expected cost MAUREEN HOWE her life. Defendants deviations from the standards of care, and the negligent acts included in the above allegations, are all substantiated by the medical records.

54.     As a direct and proximate result of these negligent acts and omissions by COQUINA, MAUREEN HOWE suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and aggravation of a previously existing condition.

WHEREFORE, Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE, respectfully requests judgment against Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC, and MARILYN G. WOOD, as managing member of its affiliated limited liability company, Sage Enterprises, III, LLC, as the managing member and CEO of the management company, Opis Management Resources, LLC, for all damages and costs recoverable; trial by jury as to all issues triable; and other relief as this Honorable Court may deem just and appropriate.

Page **20** of **33**

**COUNT II**
**NEGLIGENCE OF COQUINA CENTER, LLC d/b/a Opis Coquina Center**
**GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD**

Plaintiff adopts and realleges the allegations in paragraphs one (1) through fifty-four (54) as though fully set forth herein and states as follows:

55.     At all times material in this action, Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD are the licensees of the nursing home facility, under the limited liability companies and management or consulting companies, and have direct liability for the actions and/or inactions of the licensees managing employees and any direct caregivers, whether employees and/or contractors.

56.     MAUREEN HOWE suffered from the negligent acts and omissions by the employees, as described in paragraphs numbered thirty-two (32) through fifty-two (52) above, was injured on a continuous basis throughout her eleven (11) month residency, and the conduct of the employees and or out-side agencies, agents and/or contractors was so reckless that the actions constituted a conscious disregard to MAUREEN HOWE's life and safety, and violated her rights of receiving reasonable care and resulted in multiple injuries.

57.     Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center owed MAUREEN HOWE a duty to provide her with reasonable care and supervise MAUREEN HOWE's care, sufficient to avert, mitigate and avoid falls and injuries, overmedication, and the gross negligent acts and omissions by employees, while MAUREEN HOWE was a resident at COQUINA.

58.     Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD, breached their duty owed to MAUREEN HOWE and were either directly liable or indirectly liable for the negligent acts and omissions of

Page **21** of 33

their employees and or agents, and pursuant to §400.023(6) and Chapter 42 CFR §483* for violation and/or negligence against MAUREEN HOWE causing severe injuries, that resulted in and caused the injury, damage and ultimate death of MAUREEN HOWE. Plaintiff incorporates Paragraph 19 above, referencing sub-paragraph (a) through (o), as the statutorily mandated responsibilities and further includes, any and all, additional breaches pursuant to the Florida Statutes, Title 42 of the Code of Federal Regulations, Titles 10 and 59 of the Florida Administrative Code and OBRA 1987, herein.

(As stated above, due to inconsistencies related to applicable updates and modifications related to Title 42 of the Code of Federal Regulations, Plaintiff decided to omit the reference or subparts of Part 483 due to governmental changes).

59.    Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD breached their duty owed to MAUREEN HOWE and were negligent thereby.

60.    Plaintiff would proffer a request to seek leave of Court to file a Motion to Amend her Complaint, for violations and negligence, pursuant to part 1 of Florida Statutes Chapter 464 for the actions and/or inactions, and negligent actions and violations of employees, and/or pursuant to other applicable Florida Statutes, pursuant to and in accordance with the Fla. R. Civ. P 1.190.

61.    As a direct and proximate result of these negligent acts and omissions by COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD, as managing member of its affiliated limited liability company, Sage Enterprises, III, LLC, as the managing member and CEO of the management company, Opis Management Resources, LLC, MAUREEN HOWE suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment off life, and aggravation of a previously exiting condition.

WHEREFORE, Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE, demands judgment against Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING CENTERS, LLC and MARYLYN G. WOOD for all damages as stated above, and recovery of all attorneys fees and costs as afforded, and further demands a trial by jury, together with such other and further relief as this Court deems appropriate.

## COUNT III
### (Violation of Florida Statute §415.102)

Plaintiff adopts and realleges the allegations contained in paragraphs one (1) though fifty-four (54) as though fully set forth herein and further alleges as follows:

62.     At all times material, MAUREEN HOWE was a vulnerable adult as defined in Fla. Stat. §415.102, because she was a person 18 years of age or older whose ability to perform the normal activities of daily living and/or to provide for her own care or protection was impaired due to the "brain fog" associated with her End Stage COPD condition, the infirmities of aging, and dementia.

63.     During the first month of admission to COQUINA, MAUREEN HOWE was incapacitated with mental and/or physical dysfunction, due to her COPD condition, exposed to a bacterial infection and facility lock-down from an unknown source, and witnessed the demise of a patient in the 1st room she shared at the facility. This situation created a round-trip visit to Advent Hospital in Daytona Beach on May 15, 2019, and her mental health decline related to multiple various medications which were contributing to increased dementia. Upon the 4th and final room change, MAUREEN HOWE had not been bathed since her hospital visit in May and then was suffering from overmedication on June 18, 2019. Nonetheless, Plaintiffs believed that by communicating with nursing staff employed by representatives of the COQUINA facility, that the

lack of hygiene, medication related negligence, and unreasonable care MAUREEN HOWE was receiving could and/or would be rectified.

64. MAUREEN HOWE was unable to perform any activities of daily living alone and was totally dependent on staff for self-care, bathing, dressing. and grooming, and staff members and/or CNA's were specifically assigned with providing those tasks to MAUREEN HOWE.

65. COQUINA knew or should have known that MAUREEN HOWE lacked the capacity to sufficiently make and communicate reasonable decisions, assess or recall employee names and/or have the ability to understand whether or not to accept protective and/or care services by the facility.

66. Upon admission to COQUINA on April 5, 2019, MAUREEN HOWE's daughter, DAWN BOLIN, spoke with the nurses at COQUINA and provided copies of the POA and Health Care Surrogate paperwork and medical records information, who assured, committed and agreed to provide care to MAUREEN HOWE.

67. On July 1, 2019, COQUINA's social worker conducted a cognitive test on MAUREEN HOWE, which was not a passing test regarding cognitive ability. The test provided was suggesting that additional resources, such as a hospice care nurse affiliated with the facility should be considered, however, no other additional information had been provided. Although MAUREEN HOWE conveyed to the social worker that she believed the hospice program was a method of the facility pawning her off, and that she was intimidated and/or afraid of two unknown individuals, because she could not remember who they were, the social worker assured MAUREEN HOWE that she would look into the matter and was available if MAUREEN HOWE needed anything.

68. Despite the assurances by the social worker of COQUINA, the nurses, CNA's, and/or staff members had physically and emotionally neglected MAUREEN HOWE, as that term

is defined by Fla. Stat. §415.102, and MAUREEN HOWE's daughter was unable to determine the involved persons and was unable to protect MAUREEN HOWE from harm. COQUINA's nurses and staff, as caregivers of MAUREEN HOWE, failed to provide the care, supervision and services necessary to maintain the physical and mental health of MAUREEN HOWE, including but not limited to, supervision and monitoring related to unexplained bruising and skin tears; failing to monitor hydration, nutrition and dietary needs that resulted in weight loss and malnutrition; failing to properly dispense medications, or stop medications causing harm; failing to supervise or monitor staff to ensure that staff members were not belittling and infantilizing MAUREEN HOWE, and failing to act reasonable under the circumstances.

69. As a direct and proximate result of the aforementioned violations of Chapter 415 by Defendant's nurses and staff, MAUREEN HOWE suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition.

70. Plaintiff has incurred costs and/or will incur attorney's fees and costs related to pursuing its claim against Defendants.

WHEREFORE, Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of MAUREEN HOWE, Deceased, demand all damages, and recovery of all attorney's fees and costs as afforded under Florida Statute §415.1111, allowable against Defendants, GABRIEL LIVING CENTERS, LLC, MARILYN WOOD, as managing member and CEO of Opis Management Resources, LLC, a Florida limited liability company, formed under Sage Enterprises III, LLC, as a management company for which MARILYN G. WOOD is the managing member, and COQUINA CENTER, LLC d/b/a Opis Coquina Center, and demand trial by jury of all issues.

## ACTIONS GIVING RISE TO INITIATION OF LAWSUIT

1.       MAUREEN HOWE was admitted to COQUINA on April 5, 2019, because she required full-time care and assistance with hygiene, needed updated oxygen equipment recertification, and needed assistance with her breathing medications due to her End Stage COPD condition and dementia.

2.       On about October 21, 2019 COQUINA nursing staff had failed to inform the attending physician that the rescue inhaler medication was in limited supply and required a refill of the prescription medication.  Although COQUINA placed an order for the medication refill, on October 22, 2019, Optum Rx on behalf of UHC had removed in error the rescue inhaler medication that MAUREEN HOWE had been utilizing for ten (10) years due to her COPD condition.

3.       COQUINA nursing staff began conveying that MAUREEN HOWE had "behavior issues", when in fact, MAUREEN HOWE's communication stating that she was "short of breath" was her method of requesting the much-needed rescue inhaler and her requests were repeatedly and atrociously ignored.

4.       During the month of November, MAUREEN HOWE's biological daughter, Health Care Surrogate and Plaintiff in this case, communicated and questioned staff members regarding who, how and why the rescue inhaler medication was no longer being provided, and requested that the medication be given to MAUREEN HOWE.  COQUINA staff members refused to provide the needed rescue inhaler medication.  MAUREEN HOWE decided that a method of acquiring the medication for the shortness of breath she was experiencing, and due to the high concentration levels of oxygen she was receiving, that by removing the nasal cannula and indicating a breathing issue, the nursing staff of someone would help her.  However, COQUINA nursing staff simply logged that MAUREEN HOWE communicated "Help Me" and charted the information as continued a behavior issue.

5.      Notwithstanding the fact that COQUINA received the rescue inhaler medication on November 2, 2019 and November 24, 2019, due to the erroneous error by Optum Rx on behalf of UHC, regarding the removal of the medication from the COQUINA medical chart, nursing staff were no longer providing MAUREEN HOWE with the rescue inhaler medication because it was no longer on the medical chart. Upon communications with various nursing staff, they deliberately concealed the fact that they were no longer providing MAUREEN HOWE with the medication and covered up the communications by indicating that they had been performing skin care checks.

6.      On or about December 4, 2019, upon the physicians realization that MAUREEN HOWE had not been provided the rescue inhalation medication since on or about October 23, 2019, and that she developed an infection, in order to continue to cover for the erroneous error in removing the medication from the medical chart, and not providing the rescue inhalation medication to MAUREEN HOWE, COQUINA, and/or representatives from Optum Rx on behalf of UHC, decided to provide a medication that would be usable for treatment of a COPD condition but not as a rescue inhaler type medication. The lack of training and/or lack of understanding regarding a patients COPD condition, along with the habitual nature of chemically restraining of all patients at the facility, led to MAUREEN HOWE not being treated for her COPD condition, but a mental health condition created by the COQUINA CENTER, LLC d/b/a Opis Coquina facility. Defendants were provided with a detailed document related to MAUREEN HOWE's ten (10) year use of the rescue inhaler medication and refusal to provide the medication attached to Plaintiff's unanswered notice to initiate litigation dated June 4, 2020.

7.      During the month of December 2019, MAUREEN HOWE's family members had little understanding of what was taking place regarding the dementia related condition of MAUREEN HOWE. The nursing staff communications were not providing any headway

regarding them providing the needed rescue inhalation medication for when MAUREEN HOWE was complaining of shortness of breath and the nebulizer breathing apparatus had been removed from her room in October 2019.  COQUINA nursing staff members continuously stated that the medication was not on the chart, that they follow orders from the chart, and provided no indication of any new medication being administered to MAUREEN HOWE.

8.      Given the physician's lack of understanding of MAUREEN HOWE's COPD condition, and her dementia (albeit the records were not transferred, in-house, upon COQUINA's modification of admission date to July 6, 2019, which was not determined until December) and although the increased dementia was evident by staff members, the social workers cognitive test on July 1, 2019, and hospital staff on July 5-6, 2019, the capacity determination was inaptly delayed until November 18-25, 2019.

9.      Notwithstanding the capacity determination document uploaded to the chart on November 25, 2019, MAUREEN HOWE's Health Care Surrogate and Plaintiff, DAWN BOLIN was contacted throughout the course of MAUREEN HOWE's residency until COQUINA representatives decided that MAUREEN HOWE's request for her inhaler needed to be modified one way or another.

10.      On or about December 14, 2019, Plaintiff, DAWN BOLIN, received a telephone call from nursing staff indicating that the supplemental oxygen order was changed from 3 to 2 liters.  COQUINA representatives had been refusing to lower the high-level dose of oxygen for 3-4 months, although the lab results were continuously indicating the high level of carbon dioxide, and MAUREEN HOWE's attempts at lessoning the amount, by removing and kinking the tubing, were clearly visible by COQUINA staff.  COQUINA was consistently refusing to provide and no longer providing the rescue inhaler, lacked the understanding that when a patient with COPD feels

short of breath, has limited lung capacity, they need to utilize an as needed inhaler for the treatment of the COPD condition.

11.     On or about December 17, 2019, upon information and belief, COQUINA representatives deliberately contacted the affiliated ARNP in order to provide medications related to the psychiatric funding protocols taking place at the facility.  The consequences of their actions prevented family members from understanding what MAUREEN HOWE was going through with her dementia and what was taking place at the facility.  Plaintiff, DAWN BOLIN, as Health Care Surrogate of MAUREEN HOWE, had not received any communications regarding the administering of two (2) medications due to the intentional acts of COQUINA.  Upon communications with nursing staff, MAUREEN HOWE's family had determined that MAUREEN HOWE was not being understood, living in her past, not receiving the needed rescue inhaler medication, and being subjected to continuous psychiatric service visits, which now, in December of 2019, entailed administering medication for the benefit of COQUINA to substantiate the funding through the state related annual recertification of the PASRR.  MAUREEN HOWE had no history of mental health issues prior to admission to the COQUINA facility.  Her medical records for over the past decade reflect standard care for her COPD condition and no mental health related condition, which may and/or will be verified accordingly.

12.     Defendants were provided a detailed document titled Intentional Acts of Administering Medication to Dementia Patient, Falsifying Medical Records, Failing to Contact Health Care Surrogate in Order to Administer Harmful Medication, and Refusing to Stop Medication that was Causing Severe Harm, Psych Service Abuse and Elderly Abuse, attached to Plaintiff's unanswered notice to intent to initiate litigation dated June 4, 2020.

**COUNT IV**
**VICARIOUS NEGLIGENCE OF MCR HEALTH, INC**
**d/b/a Huntingdon Behavioral Health**
**Coquina Center**

Plaintiff realleges the allegations contained in paragraphs one (1) through five (5), 11, 12, 15, 16, 17, 18 and paragraphs 37, 38, 46, 48, 49 and 51 above as though fully set forth herein and further alleges as follows:

71.     At all times material in this action, Defendant, MCR HEALTH, INC d/b/a Huntingdon Behavioral Health, is a licensee of the corporation, partnership, governmental entity and/or other entity, that was issued the registration of fictitious names and related registration numbers through the Florida Department of State, that contracts with and/or receives a fee from Medicare, as a licensee, to provide medically charted psychological services, as provided on the letterhead of the medical records of the nursing home facilities, including Coquina Center, and has control over staffing levels at the facility, by providing its employees.

72.     That upon information and belief, Defendant, MCR HEALTH, INC d/b/a Huntingdon Behavioral Health has vicarious liability in this case for its actions and/or inactions of its employees and/or agents, in connection with its role with the facility at issue.  As a jurisdictional prerequisite to the commencement of a civil action in tort a plaintiff must first exhaust any administrative remedies and such prerequisite cannot be waived.

73.     Additionally, upon information and belief, Defendant, MCR HEALTH, INC d/b/a Huntingdon Behavioral Health is vicariously responsible in this case under Fla. Stat. §400.023(2)(a)(b), by providing and/or having control over the nursing staffing levels for the facility, and that while he employed those individuals, those that provided services were coinciding with the operation and/or the methods of providing specific kinds of care, employee training, and

Page **30** of **33**

as such, a non-delegable duty to ensure reasonable care to the residents. In this instance, Defendant's employees have negligently and carelessly cared for and treated Plaintiff, MAUREEN HOWE, and is therefore responsible for their tortious conduct.

74.     Notwithstanding the belief that Defendant, MCR, HEALTH, INC is a Federally Qualified Health Center that is provided protections under the Federal Tort Claims Act, with respect to malpractice, negligence, personal injury and/or related claims, such protections, although covered to the extent that the entity will not be financially liable for claims arising from the covered activities, the immunity does not preclude related actions by Federal, State and other licensing and certifying bodies, and will not preclude reporting of claims, payments to the National Practitioner Data Bank or reporting to the applicable State licensing board, which may act to suspend or revoke a license to practice.

75.     Plaintiff alleges that in addition to being legally responsible for the wrongful acts of its employee, as a direct participant as described in the certified mailing submitted on June 4, 2020, that upon information and belief, Defendant, MCR HEALTH, INC, has vicarious liability, under the doctrine of *respondeat superior*, and that Defendant is responsible for the negligent actions and/or omissions of its employees, nurses, and social workers, either direct or indirect, for the negligent acts of its employees, under the fictious named entities filed with the Department of State throughout the State of Florida.

76.     Upon information a belief, and at all times material, as a licensee, that has registered multiple fictious names with the Department of State, MCR HEALTH, INC, has provided free reign to the long term care facilities, and/or other health care facilities, throughout the State of Florida, to prescribe any psychotropic medications, without any psychotropic medication oversight, nor any concern about the effects the medications have on the elderly patients, including MAUREEN HOWE. Therefore, Defendant, MCR HEALTH, INC, is responsible for any actions

Page **31** of 33

or omissions, employee training, and/or tortious conduct of said facility's employees, agents, and/or apparent agents. MCR HEALTH, INC d/b/a Huntingdon Behavioral Health, owed a duty to its residents, including MAUREEN HOWE, to provide reasonable care.

77.     The conduct of the employees or agents of Defendant, MCR HEALTH, INC and MCR HEALTH, INC d/b/a Huntingdon Behavioral Health was so reckless or wanting in care that it constituted, a deliberate and clear intent, and conscious disregard to the life, safety, and/or rights of MAUREEN HOWE and caused her loss, injury and/or damage.

78.     In addition to the conduct of the employees of Defendant, MCR HEALTH, INC., the nurses, employees, agents and/or agents of Defendant, COQUINA CENTER, LLC d/b/a Opis Coquina Center, actively and knowingly participated in the conduct; the director, unit director, social workers and employees of COQUINA ratified and consented to such tortious conduct, providing invalid, deceptive and/or fraudulent representations to such conduct; engaged in conduct that constituted gross negligence and that contributed to the loss, damages and/or injuries suffered by MAUREEN HOWE.

79.     Upon information and believe, pursuant *to Weinstock v. Groth* 629 So. 2d 835 (1993); *NME Properties, Inc. v. McCullough,* 590 So. 2d 439; *Integrated Health Care Services, Inc. v. Lang-Redway* 840 So. 2d 974 (2002); and chapter 766 Florida Statutes, inclusive with Plaintiff's detailed notice of intent to initiate litigation submitted on June 4, 2020, Plaintiff may seek recourse against, Defendant, MCR HEALTH, INC d/b/a Huntingdon Behavioral Health, as licensee. Defendant's filing of the various health care centers and fictious named entities, as provided on its medical records associated with his employees, of various health care centers throughout the state of Florida, and including Huntingdon Behavioral Health, are named entities filed with the Department of State.

Page **32** of **33**

80.     In the alternative of and/or in conjunction with the cause of action against MCR

HEALTH, INC d/b/a Huntingdon Behavioral Health, Plaintiff would proffer a request to seek

leave of Court to file a Motion to Amend her Complaint, pursuant to Chapter 464 Florida Statutes

for the actions and/or inactions, and negligent actions and violations of its employees, and/or

pursuant to other applicable Florida Statutes, pursuant to and in accordance with the Fla. R. Civ.

P 1.190.

81.     As a direct and proximate result of Defendant, MCR HELATH, INC d/b/a

Huntingdon Behavioral Health's negligent acts and omissions, MAUREEN HOWE suffered

bodily injury, resulting in pain and suffering from intentional and inappropriate prescribing of

harmful medications, causing malnutrition, mental anguish, oxygen deprivation, loss of capacity

for the enjoyment of life, and aggravation of a previously existing condition.

WHEREFORE, Plaintiff, DAWN BOLIN, as Personal Representative of the Estate of

MAUREEN HOWE, deceased, demands judgment against Defendant, MCR HEALTH, INC., and

Defendants, COQUINA CENTER, LLC d/b/a Opis Coquina Center, GABRIEL LIVING

CENTERS, LLC and MARILYN WOOD, as managing member and CEO of Opis Management

Resources, LLC, for all damages and recovery of all attorney's fees and costs, as allowed by law,

and further demands prejudgment interest and a trial by jury on all issues triable and such other

relief this Honorable Court may deem just and appropriate.

Dated this 31st day of August 2020.

Dawn Bolin
1716 Center Avenue
Holly Hill, FL  32117
Telephone: (386) 868-7973
Email: dbolin0304howe20@aol.com