UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAWN BOLIN, *as personal representative of the Estate of Maureen Howe,*

        Plaintiff,

v.

COQUINA CENTER, LLC, GABRIEL LIVING CENTERS, LLC, MARILYN G. WOOD and UNITED STATES OF AMERICA,

        Defendants.

Case No: 6:21-cv-357-WWB-DCI

## REPORT AND RECOMMENDATION

Dawn Bolin (Ms. Bolin), proceeding *pro se*, initiated this case in state court as the personal representative of the Estate of Maureen Howe (the Estate) alleging that her mother received negligent medical care. Doc. 1. The United States of America has since filed a Motion to Dismiss for lack of subject matter jurisdiction which remains pending. Doc. 8. While the Motion to Dismiss has been referred, the undersigned has determined that the case is subject to dismissal for a reason other than those argued in the Government's motion. Namely, the undersigned *sua sponte* recommends that Plaintiff, as a personal representative, cannot proceed with this federal action as a *pro se* litigant.

### I. Background

According to the Complaint, Maureen Howe, Plaintiff's mother, "suffer[ed] from the infirmities of aging to the extent that she was impaired in her ability to adequately provide for her own care and protection" and became a "resident of Defendants' nursing home upon her admission date of April 5, 2019 through the date of her death on March 4, 2020." Doc. 1-1 at 7. Plaintiff

claims that Defendants' failed to provide her mother with reasonable care resulting in her death. Doc. 1-1. Plaintiff alleges that she "is, or is in the process of being appointed, as Personal Representative of the Estate of MAUREEN HOWE, is the biological daughter, was the appointed Power of Attorney and designated Health Care Surrogate of MAUREEN HOWE, Deceased, and is the proper party to bring this action on behalf of the estate and residing in Volusia County, Florida." *Id*. at 7.

Plaintiff, as Personal Representative of the Estate, demands judgment for all damages as allowed by law against each of the Defendants. *Id*. at 15, 25, 28, 30, 38. The Complaint includes four counts for deprivation of rights, negligence, violation of Florida Statutes § 415.102, and vicarious negligence of MCR Health, Inc. In February 2021, the case was removed to this Court. Doc. 1.

Since it was clear from the Complaint that Plaintiff is attempting to proceed as the personal representative of the Estate, the undersigned directed her to show cause why this case should not be dismissed because the Complaint was filed by a non-lawyer. Doc. 17. Plaintiff has filed a Response to the Order (the Response) and a Notice of Filing Exhibits in support of the Response. Docs. 18, 19.

**II.    Discussion**

Plaintiff, a non-lawyer, signed the Complaint as personal representative of the Estate and has filed this action *pro se*. Doc. 1-1. In the Eleventh Circuit, a non-lawyer is not permitted to proceed *pro se* on behalf of an estate. *Franklin v. Garden State Life, Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (noting that 28 U.S.C. § 1654 authorizes parties in federal cases to 'plead and conduct their own cases personally or by counsel" and that this does not apply to persons representing the interests of others). Indeed, "[a] complaint filed *pro se* on behalf of an estate is

subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Estate of LCDR v. Runyon*, 2016 U.S. Dist. LEXIS 193521, at *3 (M.D. Fla. Jan. 14, 2016) (citing *Franklin*, 462 App'x at 930; *Waters v. Florida*, 2014 WL 1328923, at *3 (M.D. Fla. Apr. 2, 2014)).

As such, the undersigned provided Plaintiff with the opportunity to respond to address this threshold issue. In the Response, Plaintiff states that she was appointed "Power of Attorney and was Designated the Health Care Surrogate" of her mother. Doc. 18 at 1. Plaintiff cites to a document that purportedly gives her the "right to act as a party, whether as a plaintiff or a defendant or otherwise, in a court action in the event it is necessary to enforce my [her mother's] rights under this instrument." *Id*. citing Doc. 18-1. It seems that Plaintiff relies upon this exhibit to assert that she may proceed with this action on behalf of her mother. *See* Doc. 18 at 10. Plaintiff adds that her mother relied on her to protect her rights and clarifies that no estate or probate exists. Doc. 18 at 4, 11.

Whether there is no "estate" by virtue of a will or pending probate proceeding, Plaintiff is still attempting to proceed as a personal representative of someone else's rights. In the Complaint, she does not assert her own rights and seeks solely to represent her mother's interests. Accordingly, she cannot proceed. *See U.S. ex. Rel. Stonstorff v. Blake Med. Ctr.*, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity."); *see also Cook v. Polk Cty. Sch. Dist.*, 2018 U.S. Dist. LEXIS 47609, at *1 (M.D. Fla. Mar. 22, 2018) (denying a *pro se* motion for substitution as plaintiff because a personal representative of an estate may not proceed *pro se* and instead must be represented by counsel).

With respect to the *pro se* status, Plaintiff contends that "[d]uring the research and preparation of the various documents regarding Maureen Howe's residency at the facility, the

inability to acquire any legal counsel in Volusia county, became apparent" as "[t]he law offices contacted refrained from accepting the case as soon as they heard the name of the facility, and plaintiff deems it had to do with the whitewashing of the limited liability companies by the facility Defendant's at Coquina Center, LLC et al, that was put in place as a preventative measure from filing of lawsuits against the Defendants." Doc. 18 at 3. Plaintiff states that if the case was dismissed due to her inability to acquire counsel prior to the initiation of the lawsuit she would be unduly prejudiced because she would be prevented from "holding those persons accountable for their wrongdoings." *Id*. at 7. Plaintiff states that on September 30, 2020, Defendants filed a motion to compel arbitration and stay proceedings, which she has opposed. Plaintiff alleges that the filing of that motion prevented her from acquiring counsel and she has been attempting to obtain a hearing time to resolve the arbitration matter. *Id*. However, Plaintiff was unable to address the matter prior to removal. *Id*. at 8.

The undersigned is not persuaded that Plaintiff's assumptions regarding the availability of counsel allows her to proceed *pro se*, especially with no supporting authority that the need for counsel can be excused. Additionally, there is no motion to stay pending arbitration filed in this matter and the undersigned fails to see how such a motion previously pending in state court prohibited Plaintiff from obtaining legal representation.

Moreover, if the Court determines that a personal representative may proceed as a non-lawyer, the undersigned recommends that Plaintiff has made no showing that she may act in that capacity in this action. Assuming that the "Designation of Health Care Surrogate of Maureen J. Howe" attached to the Response is authentic, there is no authority before the Court that reflects that such a document deems Plaintiff as the personal representative of the Estate as alleged in the

Complaint. *See* Fla. Stat. § 733.601 ("The duties and powers of a personal representative commence upon appointment.").

Further, without taking into consideration the Healthcare Surrogate exhibit attached to the Response because the undersigned conducts an initial review of the Complaint, there is no allegation that Plaintiff or anyone else has been appointed as personal representative. Instead, Plaintiff alleges in the Complaint that she is "in the process of being appointed" as personal representative of the Estate. Doc. 1-1 at 7. The Response does nothing to suggest that this event has occurred. *See* Doc. 18-1.

Therefore, assuming arguendo that a litigant may proceed *pro se* on behalf of an estate as a personal representative, the undersigned recommends that Plaintiff has no such designation according to the pleadings.

Finally, taking into consideration Plaintiff's *pro se* status,[1] the undersigned would be remiss not to briefly mention Florida's law on wrongful death. The "wrongful death statute focuses on the loss suffered by survivors of the decedent [which creates] a separate entitlement to damages for each survivor." *Wiggins v. Estate of Wright*, 850 So.2d 444, 446 (Fla. 2003). With respect to damages, the Florida statutes "consolidate survival and wrongful death actions and substitute for a decedent's pain and suffering the survivor's pain and suffering as an element of damages." *Martin v. United Sec. Svcs. Inc.*, 314 So.2d 765, 767 (Fla. 1975).

In the Response, Plaintiff specifically states that she did not initiate this lawsuit under Florida's Wrongful Death Act. Doc. 18 at 6. But, regardless of this representation, the Complaint is the operative pleading. So, if the Court is inclined to construe the Complaint to include this type

---

[1] *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998) (citation omitted) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

of claim or allow Plaintiff an opportunity to amend to add it, the undersigned points out that Florida's Wrongful Death Act provides that any "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20. Thus, "[n]o persons, other than personal representatives, have standing under Florida law to maintain a wrongful death action." *Christie v. Lee County Sheriff's Office*, 2011 U.S. Dist. LEXIS 110873 (M.D. Fla. 2011) (dismissing the plaintiff's claims against the medical defendants because such claims may only be brought by the personal representative for all survivors.).

Again, there is no allegation or showing that Plaintiff is actually the personal representative of the Estate.

### III. Conclusion

The undersigned respectfully **RECOMMENDS** that this case is subject to dismissal because Plaintiff may not proceed as a non-lawyer.

The undersigned recommends dismissal without providing Plaintiff with the opportunity to obtain counsel because there is no allegation that she is currently the personal representative of the Estate and her evidence attached to the Response does not convince the undersigned that she may proceed in that capacity. For the same reason, the undersigned recommends that amendment to include allegations under Florida's Wrongful Death Act would be futile.

Being that this recommendation is based on a *sua sponte* finding, the undersigned did not address Defendant's Motion to Dismiss. If the Court disagrees with this Report and Recommendation, the undersigned respectively requests that the Motion to Dismiss remain referred to the undersigned to consider Defendants' arguments.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on May 24, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties